21-1980-cv
*BERG v. Pershing Square Capital Management*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of March, two thousand twenty-two.

PRESENT:   DENNIS JACOBS,
JOSÉ A. CABRANES,
SUSAN L. CARNEY,
            *Circuit Judges.*

_____

BUSINESS EXPOSURE REDUCTION GROUP (BERG)
ASSOCIATES, LLC,

                 *Plaintiff-Appellant,*                    21-1980-cv

          v.

PERSHING SQUARE CAPITAL MANAGEMENT, L.P.,

                 *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:        Brian R. Della Rocca, Compass Law
                                Partners, Rockville, MD, and Alexander
                                Powhida, Powhida & Cano, PLLC,
                                Albany, New York.


FOR DEFENDANT-APPELLEE:         John P. Coffey, Jeffrey S. Trachtman,
                                Jason M. Moff, Kramer Levin Naftalis &
                                Frankel LLP, New York, NY.

Appeal from an order and judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of the District Court be and hereby are **AFFIRMED**.

In 2013, Defendant Pershing Square Capital Management, L.P. ("Pershing"), an investment fund, hired Plaintiff Business Exposure Reduction Group Associates, LLC ("BERG"), an investigative firm, to conduct research related to Pershing's "short" position in the company Herbalife, Ltd. ("Herbalife"). Pershing and BERG entered into a contract containing a fee agreement (the "Fee Agreement"), which provided that BERG would be paid $200 per hour. The fee agreement further provided for a "success fee," under which BERG's rate would increase to $750 per hour "[i]n the event the case developed by BERG . . . [wa]s settled or resolved in a manner that [Pershing] determine[d] [wa]s beneficial to the financial standing of [Pershing] . . . ." Joint App'x 38. BERG's research into Herbalife revealed various damaging facts about the company. In July 2014, Pershing used this information in a presentation designed to drive down the price of Herbalife and thereby benefit Pershing's "short" position.

In March 2015, Pershing told BERG to cease its work under the contract. That same month, BERG advised Pershing to close out its short position in Herbalife, which BERG alleges would have resulted in a benefit to Pershing of over $107 million, had it done so. Pershing declined to close its short position. Around the same time, BERG sent Pershing a demand for payment which included the success fee and totaled about $3 million. Pershing refused to pay the success fee at that time and indicated it would consider BERG's entitlement to the success fee after it closed out its position in Herbalife. Around July 2018, Pershing closed out its position in Herbalife and realized a "significant loss." Joint App'x 61. Pershing refused to pay BERG the success fee.

BERG initially sued Pershing in the United States District Court for the District of Massachusetts. That court found that it lacked jurisdiction over Pershing and transferred the case to the United States District Court for the Southern District of New York. In December 2020, BERG filed its operative Amended Complaint (the "Complaint") alleging breach of contract and breach of the implied covenant of good faith and fair dealing. Pershing filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). The District Court granted the motion, and BERG appeals. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## DISCUSSION

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under Rule 12(b)(6). *Johnson v. Nextel Communications, Inc.*, 660 F.3d 131, 138 (2d Cir. 2011). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) A complaint is properly dismissed where "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Id.* at 558. The parties agree that the Fee Agreement is governed by New York law. Joint App'x 76 n.5, 166 n.4.

## I. Breach of Contract

The District Court dismissed BERG's breach of contract claim on the ground that the Fee Agreement unambiguously gave Pershing the discretion to determine whether or not BERG's work was financially beneficial to Pershing. We agree.

The Fee Agreement clearly states that BERG was only entitled to the success fee "in the event the case developed by BERG . . . is settled or resolved in a manner that [Pershing] determines is beneficial to [its] financial standing." Joint App'x 38. The Fee Agreement makes clear that "[t]he decision regarding the 'beneficial status' will be made *by* [*Pershing*] based on its evaluation of the work product delivered by BERG." *Id.* (emphasis added). The Complaint simply does not allege that Pershing ever made such a determination. On the contrary, the Complaint itself establishes that Pershing elected not to make such a determination until it had closed out its short position in Herbalife. *See* Joint App'x 62 (alleging that Pershing's principal "asked that BERG wait until he closed his position and then he would re-visit BERG's entitlement" to the success fee). BERG's primary counterargument on appeal misses the mark. BERG essentially argues that it has alleged Pershing *did* make a determination, namely that BERG *had not* earned the success fee. Even assuming that to be true, such a negative determination would merely confirm the result in this case: Pershing never made the determination that it *was* financially benefitted, which is what was required to trigger the success fee.

Under New York law, where, as here, a contract vests one party with the right to make a discretionary determination, courts "will not interfere with that discretionary determination unless it is performed arbitrarily or irrationally." *Dalton v. Educ. Testing Serv.*, 87 N.Y.2d 384, 392 (1995). BERG therefore attempts to argue that it was arbitrary and irrational for Pershing to assess its financial benefit after it had closed out its short position in Herbalife, rather than to assess it based on the unrealized gains of $107 million that it allegedly would have realized if it had followed BERG's advice and closed out its position in March 2015. But there is nothing irrational about a hedge fund choosing to determine benefit to its financial standing only after it has closed out a short position. Indeed, this case demonstrates the contrary, given that Pershing ultimately sustained a loss on its Herbalife position. We therefore agree with the District Court that BERG "has not come close" to sufficiently pleading that Pershing acted arbitrarily or irrationally. Joint App'x 245.

In sum, the breach of contract claim was properly dismissed by the District Court.

3

II.    Breach of the Covenant of Good Faith

New York contract law implies a covenant of good faith and fair dealing. *See Thyroff v. Nationwide Mut. Ins. Co.*, 460 F.3d 400, 407 (2d Cir. 2007), *certified question answered*, 8 N.Y.3d 283 (2007). The covenant "embraces a pledge that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract. Where the contract contemplates the exercise of discretion, this pledge includes a promise not to act arbitrarily or irrationally in exercising that discretion." *Dalton,* 87 N.Y.2d at 389 (internal quotation marks omitted).

The margin between BERG's breach of contract and breach of covenant claims is thin. "[W]hen a complaint alleges both a breach of contract and a breach of the implied covenant of good faith and fair dealing based on the same facts, the latter claim should be dismissed as redundant." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 125 (2d Cir. 2013) (citation omitted). In its Complaint, BERG alleges that Pershing's "conduct in refusing to follow the recommendation to close its position was arbitrary or unreasonable" and "prevent[ed] BERG from enjoying the benefit of" the success fee. Joint App'x 18. On appeal, BERG suggests that by not closing its Herbalife position as recommended, Pershing "frustrate[d] the ability of BERG to collect its success fee, . . . took the BERG-developed information about Herbalife to the United States Drug Enforcement Administration[,] . . . and . . . took that same information to the [Federal Trade Commission] which resulted in a settlement." Appellant's Br. 27.

Assuming, *dubitante*, that these claims are not duplicative of the "arbitrary or irrational" arguments BERG advanced in conjunction with its breach of contract claims, we would reject them for substantially the reasons articulated by the District Court. Pershing was under no obligation to heed BERG's investment advice in March 2015. Its failure to do so—while perhaps unwise from a business perspective and in hindsight—is not evidence of bad faith. *See Peter R. Friedman, Ltd. v. Tishman Speyer Hudson Ltd. P'ship*, 107 A.D.3d 569, 570 (1st Dep't 2013) ("[T]he covenant of good faith and fair dealing cannot be construed so broadly as effectively to nullify other express terms of a contract, or to create independent contractual rights.") (internal quotation marks and alteration omitted).

## CONCLUSION

We have reviewed all of the arguments raised by BERG on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the July 16, 2021 order and July 19, 2021 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4